UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SISSETON WAHPETON OYATE OF
THE LAKE TRAVERSE
RESERVATION, et al.,

                Plaintiffs,

v.

THE HONORABLE SALLY JEWELL,
Secretary of the Interior, et al.,

                Defendants.

Civil Action No. 13-00601 (TFH)

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss [ECF No. 19], which seeks dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction. Because the Court finds that it has jurisdiction over this matter, the Defendants' Motion to Dismiss will be denied.

## BACKGROUND AND PROCEDURAL POSTURE

On April 30, 2013, this lawsuit was filed by four federally-recognized American Indian tribes seeking declaratory and injunctive relief against the Secretary of the Interior and the Secretary of the Treasury (hereinafter "Defendants") for their alleged breaches of fiduciary duties relating to tribal trust accounts. *See* Compl. [ECF No. 1]. On November 15, 2013 and November 19, 2013, Plaintiffs amended their Complaint to add additional American Indian tribes, bringing the total number of Plaintiff-tribes to ten. *See* First Am. Compl. & Second Am. Compl. [ECF Nos. 17 & 20]. On November 22, 2013, Defendants moved to dismiss the

Plaintiffs' Complaint based on lack of jurisdiction. Defs.' Mot. to Dismiss [ECF No. 19]. Defendants contend that the Court lacks subject matter jurisdiction because the government has not waived its sovereign immunity from the Plaintiffs' claims. *Id.*

The underlying facts related to this case are not unfamiliar to the Court. The federal government has held funds and assets in trust for American Indian tribe beneficiaries for well over a century. Unfortunately, the federal government has failed to discharge its fiduciary duties in its role as trustee for the tribes, and those trust accounts have been mismanaged for almost as long as they have been in existence. *See Cobell v. Norton*, 240 F.3d 1081, 1086 (D.C. Cir. 2001). Plaintiffs now seek declaratory relief that certain previous attempts to reconcile the trust accounts did not satisfy the government's responsibility to provide a complete and accurate accounting of those accounts. Second Am. Compl. ¶ 62 [ECF No. 20]. Plaintiffs also seek injunctive relief compelling Defendants to perform their duties to provide complete and accurate accountings, preserve any and all documents concerning Plaintiffs' trust accounts, and make their accounts whole. *Id.* ¶¶ 67-69. Finally, Plaintiffs seek judicial review of the agencies' actions under the Administrative Procedures Act ("APA"). *Id.* ¶¶ 71-75.

Defendants argue that Plaintiffs' claims are improperly based on the "inherent fiduciary duty" between the federal government and Plaintiff-tribes, and that Plaintiffs have failed to properly identify the statute or regulation on which their claims are based. Defs.' Mot. to Dismiss 13 [ECF No. 19]. Defendants also argue that Plaintiffs have not sufficiently alleged that the "complete and accurate trust accounting" they seek is demanded by law, which means that Plaintiffs have failed to properly invoke the APA's waiver of sovereign immunity. *Id.* at 14. Defendants further contend that (1) Plaintiffs seek broad structural relief which is not proper

under the APA, (2) Plaintiffs' claims are impermissible programmatic challenges, (3) Plaintiffs' claims related to recordkeeping should be dismissed because there is no private right of action, and (4) Plaintiffs' claims for injunctive relief are actually seeking monetary damages which is outside the scope of the waiver of sovereign immunity and not within the Court's jurisdiction. *Id.* at 16-19, 22-23. Finally, Defendants argue that Plaintiffs' claims are time-barred under the applicable statute of limitations. *Id.* at 19-21.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). When the Court's subject-matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing that the court does, in fact, have subject-matter jurisdiction over the dispute. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). Because sovereign immunity "is a jurisdictional issue" it "may be raised in a Rule 12(b)(1) motion to dismiss . . . ." *Royer v. Federal Bureau of Prisons*, 933 F. Supp. 2d 170, 180 (D.D.C. 2013). In deciding a motion to dismiss based on lack of jurisdiction, the Court must construe all facts alleged in the complaint as true. *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010).

## ANALYSIS

As a threshold matter, the Court notes that it has jurisdiction in this matter because the prospective relief Plaintiffs seek is a "civil action[ ] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because the government has challenged

whether it has waived sovereign immunity for Plaintiffs' claims, this does not end the jurisdictional inquiry.

I. **Waiver of Sovereign Immunity**

Plaintiffs bring their lawsuit against federal officials, so they "must prove a clear waiver of sovereign immunity that covers the substantive claims and remedies that they seek." *Cobell v. Babbitt (Cobell V)*, 91 F. Supp. 2d 1, 24 (D.D.C. 1999). Here, the Plaintiffs' claims are properly within the waiver of sovereign immunity found in section 702 of the APA which provides:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States.

5 U.S.C. § 702. There is a "strong presumption" of reviewability of agency decisions under the APA. *Bowen v. Mich. Acad. Of Family Physicians*, 476 U.S. 667, 670 (1986). While Defendants have argued Plaintiffs' claims for declaratory and injunctive relief are merely claims for monetary damages in disguise (Defs.' Mot. to Dismiss 17 [ECF No. 19]), this argument carries no weight at the motion to dismiss stage because on the face of their Complaint, Plaintiffs seek declaratory and injunctive relief, not monetary damages. And, as the Supreme Court has made clear, the Court need only examine the nature of the action that Plaintiffs have brought to determine whether there has been a waiver of sovereign immunity. *Bowen v. Massachusetts*, 487 U.S. 879, 893-96 (1988) ("Our cases have long recognized the distinction between an action at law for damages . . . and an equitable action for specific relief . . . . The fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as money damages.") (internal quotation marks and citations omitted). Plaintiffs here,

just like the Plaintiffs in the *Cobell* litigation, "seek to enforce their statutory right to an accounting as that phrase is meant under the provisions of 25 U.S.C. § 162a(d)(1)-(7) and 25 U.S.C. § 4011." *Cobell V*, 91 F. Supp. 2d at 27.

Defendants argue that they owe no common law fiduciary duty to Plaintiffs, and Plaintiffs have allegedly failed to identify a "rights-creating statute or regulation upon which to base their claims." Defs.' Mot. to Dismiss 8 [ECF No. 19]. Defendants also contend that Plaintiffs have not properly identified an agency action that may be compelled by the Court, but this is incorrect because Plaintiffs rely upon the statutory obligations found in 25 U.S.C. §§ 162a(d), 4011. Further, the D.C. Circuit has consistently interpreted Defendants' duties regarding Indian trust accounts "in light of the common law of trusts and the United States' Indian policy." *Cobell v. Norton (Cobell VI)*, 240 F.3d 1081, 1090 (D.C. Cir. 2001). "The federal government has 'charged itself with the moral obligations of the highest responsibility and trust' in its relationships with Indians, and its conduct 'should therefore be judged by the most exacting fiduciary standards.'" *Id.* at 1099 (quoting *Seminole Nation v. United States*, 316 U.S. 286, 297 (1942)). Furthermore, the D.C. Circuit has held that the Indian Trust Fund Management Reform Act ("1994 Act"), upon which Plaintiffs base their statutory claims, did not create these duties to Indians, but rather "reaffirmed and clarified preexisting duties." *Id.* at 1100. Therefore, Defendants' arguments that Plaintiffs' claims are improperly based on an inherent fiduciary duty owed by the government to the Plaintiffs are misguided. Plaintiffs are entitled to seek enforcement of their statutory rights provided for in the 1994 Act.[1]

---

[1] Defendants also contend that plaintiffs' cause of action seeking an injunction to maintain records related to the trust accounts should be dismissed because they cannot maintain an independent cause of action for record retention. Defs.' Reply 16 [ECF No. 23]. And,

Defendants allege that Plaintiffs seek broad structural relief by requesting a "judicial determination of Interior's accounting obligations, a court-ordered and supervised accounting, and restatement of trust fund account balances." Defs.' Mot. to Dismiss 11 [ECF No. 19]. Defendants also argue that Plaintiffs' claims are an impermissible programmatic challenge. *Id.* at 12. It is true that the Court cannot order "wholesale programmatic changes or prescribe particular tasks for Interior to perform based on policies developed by the district court." *Cobell v. Kempthorne*, 455 F.3d 301, 305 (D.C. Cir. 2006). However, what Plaintiffs seek here is a judicial determination that the Department of the Interior has not complied with its statutory directives and related relief, which is entirely within the Court's jurisdiction. Whether Plaintiffs will be successful on the merits of their claim is for another day, but the relief sought by Plaintiffs is distinguishable from impermissible programmatic challenges, at least on the face of the Complaint.[2]

---

Defendants claim that their record retention obligations are governed by the Federal Records Act of 1950 and the Federal Records Disposal Act. *Id.* This argument is somewhat puzzling to the Court, given that the D.C. Circuit has previously stated that it is self-evident that "rendering of an adequate accounting requires the locating and retention of records . . . . Anything less would produce an inadequate accounting." *Cobell V*, 240 F.3d at 1103. The Court reads Plaintiffs' Complaint to include recordkeeping as part of the injunction sought for accounting. Second Am. Compl. ¶ 68 [ECF No. 20] ("Ancillary to this demand for complete and accurate accountings, Plaintiffs are entitled to mandatory injunctive relief directing Defendants to preserve any and all documents concerning Plaintiffs' trust accounts . . . ."); *see also* ¶ 74. Therefore, there appears to be no separate claim for recordkeeping to dismiss.

[2] Indeed, the district court previously rejected this argument regarding whether *Lujan v. National Wildlife Fed'n*, 497 U.S. 871 (1990) precluded the district court from reviewing the Defendants' actions:

> In this case, the defendants have enacted a concrete accounting system which it currently administers and which the plaintiffs claim, under its APA allegations, constitutes arbitrary and capricious action. The plaintiffs do not seek to generically challenge the defendants' actions . . . . These agency actions are final,

Defendants argue at length that the statutory provisions upon which Plaintiffs rely do not provide the relief Plaintiffs seek. Defendants construe Plaintiffs' Complaint as seeking an additional accounting in addition to the reconciliation reports provided in 1996.[3] Defs.' Mot. to Dismiss 9 [ECF No. 19]. It is clear that the gravamen of the Plaintiffs' Complaint is that the reconciliation reports provided to Plaintiffs in 1996 did not comply with the statutory requirements, not that Plaintiffs are entitled to some additional accounting as Defendants allege. Second Am. Compl. ¶¶ 47-51 [ECF No. 20]. In addition, Plaintiffs seek judicial review under Section 706 of the APA, on the basis that the agency has failed to perform an accounting as required by law and that such action (or inaction) is arbitrary and capricious. *See, e.g., Ikon Global Mkts. v. CFTC*, 859 F. Supp. 2d 162, 169 (D.D.C. 2012) ("'agency action' encompasses a 'failure to act' . . . [therefore] courts in this district have said that if a failure to act amounts to a 'consummated agency action' that APA views as final, notwithstanding the fact that the agency 'did nothing,' a party can seek relief under Section 706(2) of the APA."). The arguments advanced by the Defendants regarding whether or not Plaintiffs are entitled to the relief they seek are really arguments about the merits of the case, not jurisdiction, which the Court plainly has.

---

      ripe, and allegedly adversely affect the plaintiffs. For these reasons, *Lujan* does
      not contemplate a different result.

*Cobell v. Babbitt*, 30 F. Supp. 2d at 34, n.10.

[3] According to the Second Am. Compl., in the 1990s, the Interior Department contracted with the accounting firm Arthur Andersen to examine transactions for limited and selected tribal trust accounts for a limited time period. Second Am. Compl. ¶ 7. These reports were provided to the tribes for this time period. *Id.* However, the Bureau of Indian Affairs allegedly admitted that the Arthur Anderson Reports were not complete and accurate accountings. *Id.*

## II. Statute of Limitations

Satisfied that the Court has jurisdiction over the Plaintiffs' claims, the Court now turns to Defendants' contention that Plaintiffs' claims are time-barred. In suits against the United States, the action must be brought within six years of when the right of action first accrues. 28 U.S.C. § 2401(a). Here, the question for the Court is when the cause of action accrued for these Plaintiffs. Defendants contend that the accrual date was set by Congress as December 31, 2000:

> Notwithstanding any other provision of law, for purposes of determining the date on which an Indian tribe received a reconciliation report for purposes of applying a statute of limitations, any such report provided to or received by an Indian tribe in response to section 304 of the American Indian Trust Fund Management Reform Act of 1994 (25 U.S.C. 4044) shall be deemed to have been received by the Indian tribe on December 31, 2000.

Encourage the Negotiated Settlement of Trial Claims, Pub. L. No. 107-153, 116 Stat. 79 § 1(a) (2002) (hereinafter referred to as "S. 1857"), as amended by Settlement of Tribal Claims-Amendment, Pub. L. No. 109-158, 119 Stat. 2954 (2005). If receipt of the 1996 reconciliation reports, which Plaintiffs admit they received, triggers the running of the statute of limitations, then Defendants' assertions are correct. If the cause of action accrued six years after the date set by Congress, then the statute of limitations passed on December 31, 2006, and this action was not filed until 2013. Plaintiffs would clearly be time barred.

However, the Court's inquiry does not end there. The legislative history related to the statute upon which Defendants rely indicates that it is not at all clear that "the receipt of the reconciliation reports does in fact commence the running of a statute of limitations on tribal claims against the United States related to the United States' management of tribal trust funds." Committee on Indian Affairs, S. Rep. No. 107-138, at 5 (2002). The stated purpose of S. 1857 was to encourage settlement of the claims with Indians related to management of the trusts, and

--8--

the bill was meant to address the possibility that the statute of limitations was running or had run. *Id.* at 1.

On the contrary, Plaintiffs contend that the proper inquiry for accrual of the cause of action is the repudiation of the trust by the trustee. *See Cobell v. Norton*, 260 F. Supp. 2d 98, 104 (D.D.C. 2003) ("[W]here, as here, there is a fiduciary relationship between the parties, the universal rule is that a statute of limitations does not begin to run . . . until the relationship is repudiated."). Plaintiffs point out that Defendants have not argued that the trust has been repudiated, and therefore the cause of action still has not accrued. Pl.'s Mem. in Opp. 37-38 [ECF No. 22].

In fact, the Committee on Indian Affairs took no position on whether receipt of the reconciliation reports did, in fact, trigger the statute of limitations. Committee on Indian Affairs, S. Rep. No. 107-138, at 5. Similarly, at this juncture, the Court takes no position on that issue. The parties have not yet had the opportunity to develop a record through discovery on when Plaintiffs' claims accrued, and the factual issues related to accrual preclude deciding the issue of the statute of limitations at the motion to dismiss stage. *See Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981) ("There is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense."). Therefore, the Court reserves this issue for a later stage of the proceedings after the parties have had the opportunity for discovery and development of the issues.

## **CONCLUSION**

For the foregoing reasons, the Court will deny the Defendants' Motion to Dismiss [ECF No. 19]. An appropriate order will accompany this memorandum opinion.

September 17TH, 2015

Thomas F. Hogan
Senior United States District Judge